IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ikeef Brailsford, ) | Civil Action No. 6:15-1800-GRA-KFM |
| Petitioner, ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| Warden Willie Eagleton, ) | |
| Respondent. ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(c)(D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

## BACKGROUND

The petitioner is currently confined at McDougall Correctional Institution in the South Carolina Department of Corrections ("SCDC"). He was indicted by a Sumter County Grand Jury in September 2010 for three counts of possession with intent to distribute cocaine base (2010-GS-43-1183, 1184, 1185) and one count of manufacturing cocaine base (2010-GS-43-1185). He was also indicted during the October 2010 term for one count of possession with intent to distribute cocaine base (2010-GS-43-1196) (app. 136-41). The petitioner was represented by Charles David Barr (app. 1-41). The State was represented by Assistant Solicitor Bronwyn McKnew of the Third Judicial Circuit Solicitor's Office (*id*.). On March 1, 2011, the petitioner waived his right to a trial by jury and pled guilty to four counts of distribution in crack cocaine, third offense, and one count of manufacturing of cocaine, third offense, before the Honorable W. Jeffrey Young, Circuit Court Judge (*id*.). Judge Young sentenced the petitioner to ten years imprisonment for the charges under the

1183, 1184, and 1185 indictments, with those sentences being suspended, and fifteen years imprisonment suspended upon the service of twelve years for the distribution of crack cocaine conviction under indictment 1196 (app. 39-40). The petitioner did not file a direct appeal.

On January 26, 2012, the petitioner filed an application for post conviction relief ("PCR") (2012-CP-43-142), asserting claims of ineffective assistance of counsel and involuntary guilty plea (app. 42-47). He listed no specific allegations in the original application.

The petitioner served an amendment to his application for PCR on June 25, 2012 (app. 49-51). In the amendment, the petitioner raised the following claims:

> 1. That the Applicant specifically realleges his claim of ineffective assistance of counsel.
>
> 2. That the Applicant also alleges that his guilty plea was involuntary and that counsel was ineffective in allowing him to plead to a third related drug offense when he had only been convicted of one prior offense.
>
> 3. That the Applicant pled to a Distribution of Crack Cocaine 3rd, Warrant No. M441769, and Distribution of Crack Cocaine Base 3rd, Warrant No.: M441823 and Distribution of Crack Cocaine 3rd or Subseq., Warrant No.: M441770 on March 1, 2011.
>
> 4. That Mr. Brailsford prior drug offense consisted of Warrant No. H977129, Drugs/Man, Dist, etc of Meth or Cocaine Base 1st, Warrant No. A87257, Manuft, Possess other Sub Sch I, II, III WITD - 1st and Warrant No.: H907612, MDF, Drugs Sch I, B,C, LSD and Sch II, Cocaine 1st. He pled to these three charges June 8, 2006.
>
> 5. That as a result, the Applicant's plea should not have been to a third offense and that his charges were improperly enhanced.

(App. 49-50).

The State served its return on June 15, 2012 (app. 52-57).

On December 20, 2013, an evidentiary hearing in the PCR action was held before the Honorable R. Ferrell Cothran, Circuit Court Judge (app. 58-120). The petitioner was present and was represented by Tommy Thomas. The State was represented by Assistant Attorney General Daniel Gourley (*id*.). The PCR court filed an order of dismissal on January 21, 2014 (app. 127-35).

During the evidentiary hearing, the petitioner stated he was arrested on July 22nd or 23rd of 2010 and hired counsel. He stated he was out on bond approximately four months after his arrest and that he met with counsel approximately four times prior to his guilty plea. The petitioner stated he reviewed the discovery material with counsel, but never discussed any possible defenses with counsel. The petitioner stated he received an emergency phone call from counsel informing him that his co-defendant had been arrested, was pleading guilty, and would most likely testify against him (app. 128).

The petitioner also testified he went to court with counsel, and the solicitor offered him a plea deal with a cap of 20 years (app. 128). The petitioner stated he was being charged under a third offense instead of a second offense and that he had discussed this with his attorney. The petitioner explained he pled guilty on the same day to two separate drug charges from July 2005 and December 2005. The petitioner told the PCR court that he did not believe that he is guilty of a third offense and that he did not plead freely and voluntarily. However, the petitioner also stated he agreed during the plea proceeding that he was pleading guilty to a third or subsequent offense for distribution of crack cocaine. The petitioner stated it was his decision to plead guilty and that he did waive his constitutional rights. The petitioner stated he told the plea judge on two separate occasions that he was satisfied with counsel's services and that "Mr. Barr was excellent, he was always in contact with me, let me know what was going on" (app. 129).

Following the petitioner's testimony, plea counsel was called to testify by the State. Counsel stated he has been practicing law for approximately 35 years and that he was retained by the petitioner. Counsel stated he reviewed his file from his representation prior to the date of the PCR hearing and that he had met with the petitioner approximately

three or four times. Counsel stated that the petitioner was out on bond during majority of his representation. Counsel stated he went over the indictments, elements of the charges, and potential sentences. Counsel stated he explained to the petitioner why he was being charged with a third offense versus a second offense and that they had previous discussions about the issue prior to the guilty plea. Counsel further testified that the plea deal was for the petitioner to receive 12 years in prison regardless of whether he was charged with a third or second offense. Counsel felt that he had sufficient time to prepare and investigate the petitioner's case; that it was his practice to send discovery to his clients; and that he had given the petitioner adequate advice and information to make an informed decision about pleading guilty (app. 120).

The PCR court ultimately found counsel's testimony to be very credible while finding the petitioner's testimony less credible (app. 130). The court also found the petitioner's ineffective assistance of counsel claim was without merit and that counsel conducted an adequate investigation and was prepared for trial (app. 131). The PCR court noted that there was a lengthy discussion between the plea judge, solicitor, and counsel regarding whether the petitioner was correctly charged as a third offense versus a second offense. The PCR court found that counsel was not ineffective for failing to challenge the petitioner's guilty plea for distribution of crack cocaine third or subsequent offense because the petitioner was properly charged based on two prior drug convictions in July and December 2005. Furthermore, the PCR court found the petitioner was fully informed that he was entering a guilty plea to a third or subsequent offense and that this allegation should be denied and dismissed with prejudice. The PCR court found that the petitioner's guilty plea was entered freely and voluntarily in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969) and that the petitioner had failed to prove otherwise (app. 132-33). Specifically, the PCR court noted that the petitioner stated he was guilty of distribution of crack cocaine third offense or subsequent offense and therefore the plea court correctly found that the petitioner's plea was freely, voluntarily, and intelligently made (app. 133). Accordingly, the PCR court concluded that the petitioner had not met his burden of proving that counsel was

ineffective and that the petitioner had been prejudiced by plea counsel's performance. As a result, the court found that the application should be denied and dismissed with prejudice (app. 134-35).

On February 11, 2014, the petitioner filed a PCR appeal. He was represented by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. The petitioner's counsel filed a *Johnson* petition for writ of certiorari and requested to withdraw from further representation. In the *Johnson* petition, counsel argued the petitioner's guilty plea was not voluntarily, knowingly, and intelligently entered when he thought he was pleading to a second drug offense rather than a third drug offense (doc. 22-4). The petitioner also filed a *pro se* response to the *Johnson* petition (doc. 22-6) arguing counsel was ineffective for failing to challenge whether the petitioner was correctly charged with a third offense. On November 7, 2014, the South Carolina Supreme Court denied the petition for writ of certiorari and granted counsel's request to withdraw (doc. 22-7). The remittitur was issued on November 25, 2014 (doc. 22-8) and filed in the circuit court on November 26, 2014 (doc. 38).

On April 30, 2015, the petitioner filed his Section 2254 petition (doc. 1). On July 22, 2015, the respondent filed a motion for summary judgment (doc. 23). By order filed the same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion (doc. 24). On August 24, 2015, the petitioner filed a response in opposition to the motion for summary judgment (doc. 26).

In his federal petition, the petitioner makes the following claims:

**Ground One: Ineffective Assistance of Counsel**

Supporting facts: Trial counsel failed to investigate my prior drug convictions and present their facts that pursuant to a plea agreement they were consolidated into one 1st offense drug

5

whereupon my next drug conviction would be considered by second offense. The State (solicitor) enhanced my conviction to be considered a 3rd offense because my prior drug convictions had 2 seperate[sic] arrest dates, notwithstanding the fact she knew them to had been disposed of in a plea bargain and they both were entered in as 1st offense convictions.

**Ground Two: Involuntary Guilty Plea**

Supporting facts: My plea of guilty was involuntary because of the advice I received from counsel. I never knew I had a right to compel the state to comply with my prior plea agreement on my 1st drug convictions that upon my next drug conviction it would be considered my 2nd offense. I knew it wasn't right for the state to enhance my charge to 3rd offense so I insisted on going to trial. But my counsel advised me it would be best for me to just plea guilty and get the judge to straighten the situation out.

(Doc. 1 at 5, 6-7; doc. 1-1 at 2-5).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

The petition in this case was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply. *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997). The respondent first argues[1] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA. This court agrees. The one-year time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). State collateral review tolls the one-year statute of limitations

---

[1] As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

[2] The statute provides other possible start dates for the one-year time period that are not relevant here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

7

under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Applying this criteria to the present case, the petitioner did not timely file within the one-year limitations period in Section 2244(d)(1)(A). The petitioner did not file a direct appeal. Accordingly, his convictions became final ten days after the entry of his March 1, 2011, guilty plea and sentence, as this was the last day on which he could serve a notice of appeal. *See* Rule 203(b)(2), SCACR, (stating a notice of appeal must be served on all respondents within ten days after the sentence is imposed). Thus, his period of limitation began on March 12, 2011, and expired one year later on March 12, 2012.

The petitioner filed a state PCR action on January 26, 2012. At the time of the filing of the PCR action, three hundred and twenty days had elapsed from the date his conviction became final. On November 7, 2014, the South Carolina Supreme Court denied the petition for writ of certiorari and granted counsel's request to withdraw (doc. 22-7). The remittitur was issued on November 25, 2014 (doc. 22-8) and was filed in the circuit court on November 26, 2014 (doc. 38). The statute remained tolled during the pendency of the first PCR action from January 26, 2012, to the docketing of the remittitur in the Office of the Clerk of Court for Sumter County on November 26, 2014. *See Beatty v. Rawski*, C.A. No. 1:13-3045-MGL-SVH, 2015 WL 1518083, at *3–6 (D.S.C. Mar. 31, 2015) (finding that final disposition of a PCR appeal in South Carolina does not occur until the remittitur is filed in the circuit court, and thus the Section 2254(d)(1) statute of limitations is tolled until that time). The petitioner had 45 days from November 26, 2014, in which to timely file this federal habeas action. The 45 days expired on January 10, 2015, which was a Saturday. Accordingly, the petitioner had until the following Monday, January 12, 2015, to file his federal petition. The petitioner delivered his habeas petition to the prison mailing system on April 24, 2015 (*see* doc. 1 at 14). *Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (holding that a prisoner's pleading is "filed" for limitations purposes at the moment of delivery to

prison authorities for forwarding to the district court). Accordingly, the petitioner exceeded the statute of limitations by 102 days.

The petitioner asserts in his response in opposition to the motion for summary judgment that his petition is not barred, and, if necessary, he is entitled to equitable tolling. Specifically, he maintains that his habeas petition is timely pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), that he is entitled to equitable tolling under *Holland v. Florida*, 560 U.S. 631 (2010), and that the statute of limitations bar should be excused because he is actually innocent (doc. 26 at 1-3).

In *Martinez*, the United States Supreme Court held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Cf. Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (describing standards for certificates of appealability to issue).

132 S. Ct. at 1318-19. As argued by the respondent and contrary to the petitioner's assertions, the opinion in *Martinez* does not impact the statute of limitations, but only addresses the excuse of a procedural bar. Thus, the petitioner's claim that the statute of limitations is tolled under *Martinez* is without merit.

The petitioner next claims that the time period should be equitably tolled between April 25, 2011, and February 1, 2012, because he was diligently pursuing his rights during that time (doc. 26 at 2-3). The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631 (2010)*; Harris v. Hutchinson*,

209 F.3d 325, 329–30 (4th Cir. 2000)." To be entitled to equitable tolling, a petitioner must show (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstances stood in his or her way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling "must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Courts in this circuit have held that extraordinary circumstances warranting equitable tolling do not include unfamiliarity with the legal process and inadequacy of the prison law library. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling") (citation omitted); and *Garvin v. Eagleton*, C.A. No. 8:12-1165-JMC, 2013 WL 3821482, at *13 (D.S.C. July 23, 2013) ("Petitioner's allegations regarding lack of resources in the law library do not constitute the type of extraordinary circumstances that justify equitable tolling because alleged inadequacies of prison law libraries do not toll the statute of limitations."); *Jenkins v. Johnson*, C.A. No. 2:09cv32, 2009 WL 1923938, at *4 (E.D. Va. June 29, 2009) ("[D]elays due to seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling.") (citation omitted).

The petitioner fails to show that he was diligent in pursuing his rights. He relies upon his correspondence with eventual PCR counsel in support of this assertion. The letters reflect that the petitioner was not diligent in filing his application. While the petitioner initially corresponded with counsel in April 2011, he did not seek to file the application until January 25, 2012 (doc. 26-1 at 2, 10). This was despite being made aware of the state statute of limitations for filing a PCR action in an April 25, 2011, letter from PCR counsel (doc. 26-1 at 2). The letters reflect that the petitioner only initially retained counsel to review his case, and he did not retain counsel for the purpose of filing and pursuing the PCR until

after the application was filed. Further, the letters do not reflect that there was some hindrance that prevented the petitioner from filing his state PCR application earlier.

The petitioner also fails to show that some extraordinary circumstance stood in the way of his timely filing this federal habeas action. Contrary to the petitioner's assertions (doc. 26 at 2), seven months of investigation were not required before he could file his PCR application. As the factual basis for the allegations raised in the PCR appeal and this federal habeas action were present in the guilty plea transcript, the respondent argues that the petitioner was not required to complete a full investigation or retain an attorney before filing his PCR application. This court agrees. Moreover, the petitioner has shown no impediment to the filing of his federal habeas action. Based upon the foregoing, the petitioner is not entitled to equitable tolling.

Lastly, the petitioner asserts that the statute of limitations bar should be excused because he is actually innocent. In *McQuiggin v. Perkins,*, the Supreme Court held:

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S., at 329, 115 S.Ct. 851; *see House*, 547 U.S. at 538, 126 S.Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332, 115 S.Ct. 851.

133 S. Ct. 1924, 1928 (2013). The petitioner fails to establish he is actually innocent. In his guilty plea, he admitted that he was pleading guilty because he was, in fact, guilty (app. 10). He has presented no new evidence establishing that he is actually innocent of the crimes to which he pled guilty. To the extent he continues to assert that his prior guilty plea to

multiple offenses at the same time (and the fact that each of those offenses were treated as a first offense) prevents the convictions he currently challenges from being third offenses, his claim is without merit. In *Robinson v. State*, the petitioner asserted that a trial judge did not have the authority to sentence him for a third drug offense where he had previously pled guilty to four drug offenses at one time, and those offenses were all treated as first offenses. 693 S.E.2d 402, 405 (S.C. 2010). The South Carolina Supreme Court held that Robinson was properly sentenced because his guilty plea to the prior offenses constituted two separate offenses that could be considered for sentencing purposes in a subsequent conviction. *Id*. at 406-07. Here, as in *Robinson*, the indictments for the petitioner's prior convictions reflect that each constituted a separate offense as each offense occurred on separate dates (doc. 34-1). Thus, the petitioner was properly subject to treatment as a third time offender under the statute. His claim of actual innocence fails.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 23) be granted and the petitioner's Section 2254 petition be dismissed as untimely.

Kevin F. McDonald
United States Magistrate Judge

September 23, 2015
Greenville, South Carolina

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).