UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ikeef Brailsford,         )<br>                              )<br>            Petitioner,  )<br>                              )<br>v.                           )<br>                              )<br>Warden Willie Eagleton, )<br>                              )<br>            Respondent. )<br>_____ ) | C/A No.: 6:15-1800-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before this Court for review of United States Magistrate Judge Kevin McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) DSC, and filed on September 23, 2015. ECF No. 39. Petitioner Ikeef Brailsford ("Petitioner"), an inmate currently in state custody at MacDougall Correctional Institution, brought this action pursuant to 28 U.S.C. § 2254 on April, 30 2015. ECF No. 1. On July 22, 2015, Respondent moved for summary judgment. ECF No. 23. Magistrate Judge McDonald now recommends this Court dismiss Petitioner's § 2254 petition as untimely and grant Respondent's motion for summary judgment. ECF No. 39. Attached to the Magistrate Judge's Report and Recommendation was a notice advising Petitioner of his right to file objections to the Report and Recommendation within fourteen days of service. *See* 28 U.S.C. § 636(b)(1). Petitioner filed timely objections on October 9, 2015, ECF No. 42, and the matter is now ripe for review.

The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo*

determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Discussion

Petitioner objects that the Magistrate Judge's Report and Recommendation: 1) misapplies the U.S. Supreme Court's holding in *Martinez v. Ryan* to the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA's") statute of limitations for § 2254 petitions; 2) misapplies the test for equitable tolling of the AEDPA's statute of limitations to the facts of his case; 3) misapplies the South Carolina Supreme Court's holding in *Robinson v. State* to Petitioner's claim of actual innocence; and 4) indicates a preference for Respondent over Petitioner by closely adopting Respondent's arguments.

### I.   Application of *Martinez v. Ryan* to the AEDPA's Statute of Limitations

Petitioner first asserts that his § 2254 petition is timely because this Court should extend the U.S. Supreme Court's holdings in *Martinez v. Ryan* and *McQuiggin v. Perkins* to the facts of his case. *See* ECF No. 42 at 1–2. In *Martinez*, the U.S. Supreme Court addressed the doctrine of procedural default, which precludes federal courts from granting habeas relief when state courts have already denied relief based on a state procedural rule. 132 S. Ct. 1309, 1314 (2012). Specifically, the Court examined whether procedural default caused by ineffective assistance of counsel at a

state initial-collateral review proceeding precludes a federal court from reaching the merits of a habeas petition for ineffective assistance of counsel at trial. *Id.* at 1315. The Court found that it does not. *Id.* at 1320. In *McQuiggin*, the U.S. Supreme Court held that actual innocence, if proved, can overcome expiration of the AEDPA's statute of limitations or an impediment caused by a procedural bar. 133 S. Ct. 1924, 1928 (2013). Petitioner argues that *McQuiggin* "paralleled" procedural default and statutes of limitations, and he essentially urges this Court to intermesh the U.S. Supreme Court's reasoning in *Martinez* and *McQuiggin* to find that his habeas claims are not time barred by the AEDPA. *See* ECF No. 42 at 1–2.

After a careful review of the above cases, this Court finds Petitioner's arguments unavailing. The AEDPA's statute of limitations was designed, at least in part, to help promote the finality of state court judgments. *Rouse v. Lee*, 339 F.3d 238, 251 (4th Cir. 2003); *see also Duncan v. Walker*, 533 U.S. 167, 178 (2001). This is in keeping with general rules designed to ensure federal habeas courts reviewing state court judgments accord the judgments "the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez*, 132 S. Ct. at 1316. The U.S. Supreme Court's holding in *Martinez* is a "narrow exception" grounded in a need to protect state prisoners from scenarios where no federal or state court is able to hear the prisoner's underlying habeas claim because of error by counsel at a state initial-collateral review proceeding. *See Martinez*, 132 S. Ct. at 1315–16 ("When an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim . . . . And if

counsel's errors . . . do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims.").

Here, no such conundrum exists because Petitioner was not procedurally barred from pursuing his habeas claims in state court, and indeed, Petitioner received a full hearing on his habeas claims in a state post-conviction relief action. ECF No. 39 at 2–4. Thus, the U.S. Supreme Court's reasoning in *Martinez* is inapplicable to Petitioner's AEDPA statute of limitations argument. This determination is not altered by the U.S. Supreme Court's decision in *McQuiggin*, which does not "parallel" the AEDPA's statute of limitations and procedural default in the broad sense Petitioner asserts, but rather addresses a narrow exception to the AEDPA's time bar when a prisoner presents strong evidence of actual innocence. *See McQuiggin*, 133 S. Ct. at 1936.

## II.  Equitable Tolling of the AEDPA's Statute of Limitations

In his second objection, Petitioner argues that the Magistrate's Report and Recommendation misapplies the doctrine of equitable tolling "by the measure of *Holland v. Florida*." In *Holland*, the U.S. Supreme Court noted that, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing [of his habeas petition]." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, the Court also advised lower courts to exercise flexibility when using their equitable powers, and it encouraged courts to draw from both precedent and traditional notions of fairness when examining claims. *See id.* at 649–51. After applying the two-part test

to Petitioner's claim, the Magistrate Judge found Petitioner failed to meet the test's requirements. ECF No. 39 at 10–11.

Petitioner argues that his § 2254 petition was delayed because his post-conviction relief attorney had to conduct an investigation into his trial attorney's activities before filing his state post-conviction relief appeal, ECF No. 42 at 3, and adjudication of his state claim was required before filing a federal habeas petition. According to Petitioner, the dynamics of the claims raised coupled with the investigation constitute an "extraordinary circumstance." *Id.* Moreover, Petitioner asserts his unfamiliarity with the law prevented him from filing a state post-conviction relief appeal without aid of counsel, which further delayed eventual filing of his federal habeas petition. *See id.* at 2. To support his arguments, Petitioner again cites to *Martinez v. Ryan*, contending it establishes that "an adequate attorney is needed for a prisoner to vindicate a substantial ineffective-assistance-of-trial claim and those claims depend on 'investigative work' where often the evidence is 'outside the trial record.'" *Id.* (citing *Martinez*, 132 S. Ct. at 1318).

After reviewing the record and applicable law, this Court finds Petitioner's objection is without merit. Petitioner "'bears a strong burden to show specific facts' that demonstrate he fulfills both elements of the test" outlined in *Holland*. *Lawrence v. Warden of Kirkland Corr. Inst.*, No. 5:12-3054-TMC, 2013 WL 6054486, at *1 (D.S.C. Nov. 15, 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)). As a general rule, unfamiliarity with the legal process and lack of legal representation do not warrant equitable tolling. *Edens v. Eagleton*, No. 5:12-3427-SB, 2014 WL 692872, at *3 (D.S.C. Feb. 21, 2014). Further, although post-conviction

relief counsel may have needed to conduct some investigation into the activities of Petitioner's trial counsel, this Court agrees with the Magistrate Judge's determination that extended investigation was not required for Petitioner to file his state post-conviction relief application. ECF No. 39 at 11. In short, Petitioner fails to demonstrate that the delay in filing his state post-conviction relief application and eventually his § 2254 petition was the result of anything other than his own apathy. Thus, this is not one of those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against [Petitioner]." *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *see also Jones v. South Carolina*, No. 4:05-2424-CMC, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are not having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness."). Because Petitioner has failed to prove he pursued his rights diligently or demonstrate that an extraordinary circumstance prevented him from raising his claims, equitable tolling is not appropriate in this case.

### III.  Actual Innocence and the AEDPA's Statute of Limitations

Petitioner's third objection centers on whether he has presented a valid claim for actual innocence of a third state-narcotics offense. The crux of Petitioner's argument is that he should not have been sentenced as a third-time narcotics offender because his two prior narcotics offenses were resolved simultaneously in a plea agreement that classified both offenses as first-time narcotics convictions. ECF

No. 42 at 3–4. Petitioner contends that plea agreements must be scrupulously honored by courts; hence, his sentence as a third-time narcotics offender is inequitable and contrary to public policy. *See id.*

If proven, actual innocence may overcome the AEDPA's statutory time bar. *McQuiggin*, 133 S. Ct. at 1928. But tenable actual innocence claims are rare, as a petitioner must persuade "the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* The Magistrate's Report and Recommendation finds Petitioner failed to meet this threshold because, at his plea hearing, Petitioner stated he was guilty, and Petitioner has offered no new evidence of innocence. ECF No. 39 at 11. Additionally, the Report and Recommendation notes that, in *Robinson v. State*, the South Carolina Supreme Court found that guilty pleas entered on the same day for multiple narcotics offenses are considered separate offenses for purposes of sentencing after subsequent convictions. ECF No. 39 at 12; *see also* 693 S.E.2d 402, 405 (S.C. 2010). For his part, Petitioner argues that *Robinson* is distinguishable from his case because the defendant in *Robinson* did not enter into a plea agreement classifying his prior convictions as first-time offenses. ECF No. 42 at 3–4.

Here again, this Court finds Petitioner's arguments unpersuasive. The facts in *Robinson* are slightly different from the facts in Petitioner's case, but the reasoning employed by the South Carolina Supreme Court is equally applicable. The indictments for Petitioner's prior narcotics convictions show that each offense constituted a separate offense which occurred on different days. ECF No. 34-1. Although Petitioner's plea agreement for his prior narcotics offenses may have

classified him as a first-time offender for sentencing on those convictions, Petitioner offers no evidence that the plea agreement consolidated or merged the two offenses into one offense for purposes of future sentencings after subsequent convictions. *See* ECF No. 34-1.  And in that regard, Petitioner's case is like *Robinson*.  A review of Petitioner's guilty plea transcript indicates that the judge explained this point to Petitioner before accepting his guilty plea, and Petitioner stated he understood the judge's explanation and wished to plead guilty to a third-state narcotics offense.  ECF No. 22-1 at 9–12.  Accordingly, Petitioner has failed to offer new evidence of actual innocence sufficient to convince this Court that no reasonable juror would vote to find him guilty of a third-state narcotics offense.

## IV.    The Magistrate Judge's Concurrence with Respondent's Motion

In his final objection, Petitioner argues the Magistrate's Report and Recommendation evinces a preference for Respondent over Petitioner because "the Report of the Magistrate is a direct adaptation of an out of time reply by the Respondent." ECF No. 42 at 4.  This Court finds no validity to Petitioner's assertion.

Petitioner filed a response in opposition to Respondent's motion for summary judgement on August 24, 2015.  ECF No. 26.  Under Local Rule 7.07, Respondent was allowed seven days to reply plus three days for mail time.  On September 3, 2015, the Magistrate Judge granted Respondent's motion for a fourteen day extension to file the reply.  ECF No. 29.  Respondent then timely filed a reply on September 18, 2015.  ECF No. 34.  Under the Federal Rules of Civil Procedure, courts have broad discretion to extend deadlines, *See* Fed. R. Civ. P. 6(b); *see also Carderelli v. Duruttya*, No. 5:15-00004, 2015 WL 5430252, at *3 (W.D. Va. Sep. 15,

2015); therefore, it was not improper for the Magistrate Judge to grant the extension. Similarities between the Report and Recommendation and Respondent's arguments are the result of Respondent's accurate application of the law rather than collaboration between the Magistrate Judge and Respondent.

## Conclusion

For the reasons stated above and in the Magistrate Judge's Report and Recommendation, this Court finds Petitioner's § 2254 petition untimely.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Report and Recommendation is adopted and incorporated herein; Petitioner's objections are overruled; Respondent's motion for summary judgement is GRANTED; and Petitioner's § 2254 petition is DISMISSED. The Court declines to issue a certificate of appealability in this matter.[1]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

November 6, 2015
Anderson, South Carolina

---

[1] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a), declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").